UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE ROSADO

Plaintiff,

v.

ELITE HVAC GROUP, LLC
d/b/a SOLAR BEAR SERVICES,
SOLAR BEAR SERVICES LLC, and
DAVID EVELAND

Defendants.

Case No.:

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff JORGE ROSADO by and through the undersigned counsel, hereby files this Complaint against the above-named Defendants, ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND.

### NATURE OF THE CASE

1. This is an action brought by Plaintiff JORGE ROSADO (hereafter "Plaintiff") against his former employers, Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and to recover unpaid wages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law wage claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts and are so related to Plaintiff's FLSA claims, so as to constitute the same case or controversy under Article III of the U.S. Constitution.

3. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

4. Plaintiff, JORGE ROSADO, a resident of Hillsborough County, was a former employee of Defendants who worked at ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, and SOLAR BEAR SERVICES LLC.

5. Plaintiff, JORGE ROSADO, is an employee as defined by the laws under which this action is brought.

6. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND are employers as defined by the laws under which this action is brought.

7. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND operate an air conditioning and heating company in Tampa, Florida.

8. Defendants ELITE HVAC GROUP, LLC and SOLAR BEAR SERVICES LLC, are corporations organized and existing under and by virtue of the laws of Florida.

9. SOLAR BEAR SERVICES is a fictitious name under which Defendant ELITE HVAC GROUP conducts business.

10. Defendant DAVID EVELAND is an individual resident of the State of Florida, who founded and/or operated ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES and SOLAR BEAR SERVICES LLC, and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) controlled Plaintiff's terms of employment; and/or f) controlled and/or set Plaintiff's wages, including pay dates of wages in arrears.

## COVERAGE

11. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES and SOLAR BEAR SERVICES LLC,  are enterprises

engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

12. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES and SOLAR BEAR SERVICES LLC, are engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit cards, wire transfers and/or checks from banks located outside the state of Florida, and by purchasing (and or/renting) materials and/or equipment, air conditioners, heaters, heat pumps, mini splits, freon, and a plethora of other items, manufactured across state lines, for the purpose of providing air conditioning and heating services.

13. Defendants also host one or more websites viewed by potential customers across state lines, and sends faxes, emails, and other communications across state lines.

14. Upon information and belief, ELITE HVAC GROUP's annual gross volume of sales exceeded $500,000/year at all relevant times.

15. Upon information and belief, SOLAR BEAR SERVICES LLC's annual gross volume of sales exceeded $500,000/year at all relevant times.

16. Defendant ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES is an employer within the definition of the FLSA, 29 U.S.C. § 203.

17. Defendant SOLAR BEAR SERVICES LLC is an employer within the definition of the FLSA, 29 U.S.C. § 203.

18. Defendant DAVID EVELAND is an employer within the definition of the FLSA, 29 U.S.C. § 203.

19. During the term of his employment, Plaintiff JORGE ROSADO was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

20. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

21. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

22. Plaintiff JORGE ROSADO was employed by Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND from June 2019 until August 2019.

23. Plaintiff held an AC Technician position at the time of separation.

24. Plaintiff's last hourly rate was $18.00 per hour.

25. Plaintiff's duties included repairs of air conditioners.

26. Plaintiff was an hourly employee.

27. During his employment with Defendants, Plaintiff was classified as non-exempt.

28. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

29. Plaintiff regularly worked over forty hours in a workweek.

30. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND failed to pay Plaintiff approximately 109 regular hours, and 77 overtime hours.

31. Plaintiff JORGE ROSADO asked Defendants (including Defendant DAVID EVELAND) to pay him the hours owed.

32. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND were aware that Plaintiff was not paid all hours worked but did not cure the ongoing FLSA violations.

33. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND were aware that Plaintiff worked in excess of forty (40) hours per week without proper compensation but did not cure the FLSA violations.

34. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

35. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

36. Plaintiff JORGE ROSADO re-alleges and incorporates the allegations contained in Paragraphs 1 through 35 above.

37. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

38. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

39. As a result of Defendants' willful violation of the FLSA, Plaintiff JORGE ROSADO is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## COUNT II
## FLSA MINIMUM WAGE VIOLATIONS

40. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 35 above.

41. Plaintiff JORGE ROSADO performed work for Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND for which he was not compensated.

42. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND did

not pay Plaintiff the minimum wage required by the FLSA by failing to pay the 187 hours estimated above.

43. The actions of Defendants set forth above of failing to pay Plaintiff the statutory minimum wage constitute a violation of 29 U.S.C. §206.

44. Defendants' actions were willful and/or showed reckless disregard for the provisions of the F.L.S.A.

## COUNT III
## UNPAID WAGES UNDER FLORIDA COMMON LAW

45. Plaintiff JORGE ROSADO re-alleges and incorporates the allegations contained in Paragraphs 1 through 35 above.

46. During the period of his employment, Plaintiff JORGE ROSADO performed work for Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND and Defendants agreed to compensate Plaintiff for all hours worked.

47. Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND failed and refused to compensate Plaintiff for all hours worked (estimated in 109 regular hours, and 77 overtime hours).

48. As a result of the foregoing, Plaintiff JORGE ROSADO has suffered damages and has incurred in attorneys' fees and costs.

49. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in the prosecution of his unpaid wages claim

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE ROSADO respectfully requests judgment against Defendants ELITE HVAC GROUP, LLC d/b/a SOLAR BEAR SERVICES, SOLAR BEAR SERVICES LLC, and DAVID EVELAND, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Plaintiff's minimum wage rate;

f. Liquidated damages in an amount equal to the unpaid minimum wages owed in accordance with 29 U.S.C. § 216(b);

g. Plaintiff's unpaid wages pursuant to Florida Common Law;

h. Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;

i. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

50. Plaintiff requests a jury trial to the extent authorized by law.

| | |
|---|---|
| Dated: September 14, 2019. | Respectfully submitted, |

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
 WagesDue.com

<u>s/ Cynthia Gonzalez</u>
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com